# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 17-cr-286 (DSD/TNL) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Virginia Mae Staples, | |
| Defendant. | |

Thomas Calhoun-Lopez, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for the Government); and

Lisa M. Lopez, Assistant Federal Defender, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis MN 55415 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following motions:

1. Defendant's Pretrial Motion for Disclosure of Rule 404 Evidence, (ECF No. 14);

2. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, (ECF No. 15);

3. Defendant's Pretrial Motion for Discovery and Inspection, (ECF No. 16);

4. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), (ECF No. 17);

5. Defendant's Motion for Early Disclosure of Jencks Act Material, (ECF No. 18); and

6. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and

Evidence, (ECF No. 19).

A hearing was held on April 17, 2018. (ECF No. 25). Based upon the record,

memoranda, oral arguments of counsel, and the agreement of the parties as noted at the

hearing and in their respective submissions, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Pretrial Motion for Disclosure of Rule 404 Evidence, (ECF No. 14),

is **GRANTED IN PART and DENIED IN PART** as follows: Defendant requests that

the Government "immediately disclose any 'bad act' or 'similar course of conduct'

evidence it intends to offer at trial pursuant to Rule 404 of the Federal Rules of

Evidence." The Government has indicated it is aware of its obligations under Rule 404(b)

and will comply with said obligations, proposing a two-week deadline for disclosure.

(Gov't's Resp., at 1–2, ECF No. 23). At the hearing, Defendant had no objection to the

two-week deadline. (Apr. 17, 2018 Motions Hearing Tr. 4:2–14, ECF No. 29).

Rule 404(b) requires the Government to provide reasonable notice before trial

when evidence of a crime, wrong, or other act will be used to "prov[e] motive

opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of

accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of

wrongful-act evidence that is extrinsic to the charged offense; the rule does not prevent

admission of other wrongful conduct that is intrinsic to the charged offense." *United*

*States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010) (citations omitted). "Evidence

of other wrongful conduct is considered intrinsic when it is offered for the purpose of

providing the context in which the charged crime occurred." *United States v. Johnson*,

463 F.3d 803, 808 (8th Cir. 2006) (citation omitted). Therefore, the Government shall provide notice of all extrinsic evidence that it intends to offer at trial within the purview of Fed. R. Evid. 404(b) no later than two-weeks before trial. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.

2. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, (ECF No. 15), is **GRANTED IN PART and DENIED IN PART** as follows: Defendant seeks evidence favorable to Defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government indicates that it is aware of its obligations under *Brady*, *Giglio*, and their progeny and will fully comply with its obligations, but objects to the extent Defendant seeks evidence outside these obligations. (Gov't's Resp., at 2). At the hearing, the Government indicated it has turned over all relevant evidence to date and agreed to provide any evidence subsequently discovered on a rolling basis, but no later than two weeks before trial. (Tr. 4:15–5:9). The Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny. To the extent Defendant's motion seeks discovery and disclosures outside the Government's obligations under these authorities, it is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery. In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government") (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)).

3. Defendant's Pretrial Motion for Discovery and Inspection, (ECF No. 16), is **GRANTED IN PART** and **DENIED IN PART** as follows: Defendant seeks discovery materials, including statements, her prior criminal record, items material to the preparation of her defense, and results or reports of physical or mental examinations. The Government indicated that is has already complied with its Rule 16 obligations and is aware of its ongoing duty to disclose. (Gov't's Resp., at 2–3; Tr. 5:10–17). The Government shall fully comply with its obligations under Fed. R. Crim. P. 16. To the extent that Defendant's motion seeks discovery and disclosures outside the Government's obligations under this and related authorities, (*see* Fed. R. Evid. 702–04, Fed. R. Crim. P. 12(h)), it is denied. *See Johnson*, 228 F.3d at 924 (citing *Weatherford*, 429 U.S. at 559).

4. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), (ECF No. 17), is **GRANTED** as follows: Defendant seeks disclosure from the Government of a written summary of any expert testimony the Government intends to use at trial. The Government indicated it is aware of its obligations under Rule 16(a)(1)(F)–(G) and will comply. (Gov't's Resp., at 3; Tr. 5:18–6:1). The Government requested that the deadline for such disclosure be set at two weeks prior to trial. (Gov't's Resp., at 3; Tr. 5:18–6:1). Defendant agreed that two weeks was sufficient. (Tr. 5:18–6:1). Therefore, the Government shall disclose a written summary of any expert testimony no later than two weeks prior to trial.

5. Defendant's Motion for Early Disclosure of Jencks Act Material, (ECF No. 18), is **DENIED** as follows: Defendant requests that the Government disclose all Jencks Act materials at least two weeks prior to trial. The Government objects to a court-ordered

disclosure of Jencks Act materials, but indicates it has already voluntarily turned over all Jencks Act materials and will provide any subsequently-discovered materials no later than three days prior to trial. (Gov't's Resp., at 3–4; Tr. 6:2–19). "The Jencks Act requires that the prosecutor disclose any statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). "Although the United States need not produce Jencks statements prior to a witness' testimony on direct examination, the United States may agree to early discovery of Jencks material." *Douglas*, 964 F.2d at 741 n. 2. The Government has agreed to early disclosure of Jencks material in this case, indicating it has already provided such materials, and that it does not expect additional materials but will provide any additional materials no later than three days before trial. (Gov't's Resp., at 3–4; Tr. 6:2–19). While the Court appreciates the Government's willingness to turn over Jencks Act materials and expects the Government to provide any subsequently-discovered materials sufficiently in advance so as to prevent delays in trial, the Court will not order their disclosure. Therefore, Defendant's motion is denied. This ruling, however, does not permit the Government to withhold disclosure of materials encompassed by the Jencks Act which need to be disclosed pursuant to other authorities, including *Brady*, *Giglio*, and their progeny.

6.  Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence, (ECF No. 19), is **GRANTED** as follows: Defendant seeks an order directing any law enforcement agent, including any confidential reliable informant, involved in this case to "retain and preserve" all rough notes pertaining to this matter, as well as

preserving evidence seized in the course of their investigation. The Government does not object to the motion to the extent it seeks retention and preservation of rough notes and evidence, but objects to any disclosure of rough notes. (Gov't's Resp., at 4). Defendant has not requested disclosure through this motion. Therefore, the Government shall direct its agents involved in this case, including any confidential informants, to retain and preserve any rough notes pertaining to this case and to preserve any evidence seized.

7.  All prior consistent orders remain in full force and effect.

8.  Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like.

Date:  June 15, 2018              _____*s/ Tony N. Leung*_____
                                  Tony N. Leung
                                  United States Magistrate Judge
                                  District of Minnesota

                                  *United States v. Staples*
                                  Case No. 17-cr-286 (DSD/TNL)